UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA JOY KELLY,<br><br>    Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No.: 3:20-cv-02206-BEN-MDD<br><br>**ORDER GRANTING-IN-PART MOTION TO DISMISS**<br><br>[ECF No. 6] |

Plaintiff Lisa Joy Kelly is suing Defendant the County of San Diego ("the County") and ten unnamed officers (the "Doe Defendants") for violations of 42 U.S.C. § 1983 ("Section 1983"), negligence, battery, assault, intentional infliction of emotional distress, and trespass. *See generally* Compl., ECF No. 1. The County filed a motion to dismiss. ECF No. 6. As set forth below, the motion is **GRANTED-IN-PART**.

I.   **BACKGROUND**[1]

This case arises from injuries Kelly sustained when San Diego County Sheriff's Deputies responded to a domestic violence call adjacent to Kelly's home in Escondido,

---

[1]   The following overview of the facts is drawn from Kelly's Complaint, ECF No. 1, which the Court assumes true in analyzing the County's motion to dismiss. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court is not making factual findings.

1 | California.  Compl., ECF No. 1, ¶ 17.

2 | On the evening of August 29, 2019, Kelly heard a commotion outside her motor
3 | home, which was located within a fenced-in property that belonged to Kelly's friend and
4 | her friend's boyfriend.  Compl., ECF No. 1, ¶¶ 17-19.  Shortly before, a neighbor called
5 | the police to report a domestic violence incident involving Kelly's friend and her
6 | boyfriend.  *Id*. at ¶ 20.  Several deputies (Doe Defendants 1 through 6) arrived in
7 | response.  *Id*. at ¶¶ 20-22.

8 | In trying to locate the boyfriend, the Doe Defendants yelled to Kelly from outside
9 | her motor home.  Compl., ECF No. 1, ¶ 21.  They asked Kelly if she was afraid of the
10 | boyfriend, and Kelly responded that she was afraid.  *Id*. at ¶ 22.  The Doe Defendants told
11 | Kelly to stand back so that they could force entry onto her property by breaking down a
12 | fence.  *Id*.  From the Complaint, it appears the Doe Defendants believed the boyfriend
13 | may have been hiding inside Kelly's portion of the property.  *Id*.  The Doe Defendants
14 | did not have a warrant at the time they forced entry onto Kelly's property.  *Id*. at ¶ 23.

15 | As noted above, before breaking down the fence, the Doe Defendants requested
16 | Kelly move away from the fence and off to the side of where they were attempting to
17 | force entry.  Compl., ECF No. 1, ¶ 26.  Kelly complied with the request to stand back, but
18 | despite the precaution sustained permanent injuries to her eyebrow and nose bridge when
19 | part of the fence broke off and struck her in the face.  *Id*.  After breaking down the fence,
20 | the Doe Defendants entered Kelly's property to search for her friend's boyfriend.  *Id*. at ¶
21 | 27.

22 | Kelly alleges she sustained severe injuries and trauma from the ordeal.  Compl.,
23 | ECF No. 1, ¶ 28-31.  She further alleges the County has not adequately trained its officers
24 | to handle the usual and recurring situation of entering private property without
25 | permission.  *Id*. at ¶ 37.

## II. LEGAL STANDARD

27 | A dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be
28 | based on the lack of a cognizable legal theory or absence of sufficient facts to support a

cognizable or plausible legal theory. *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). When considering a Rule 12(b)(6) motion, the Court "accept[s] as true facts alleged and draw[s] inferences from them in the light most favorable to the plaintiff." *Stacy v. Rederite Otto Danielsen*, 609 F.3d 1033, 1035 (9th Cir. 2010). A plaintiff must not merely allege conceivably unlawful conduct but must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

If a court dismisses a complaint, it may grant leave to amend unless "the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

## III. ANALYSIS

The County initially argued Kelly's Complaint should be dismissed in its entirety. *See* Mot., ECF No. 6, 1 ("The entirety of Plaintiff Lisa Joy Kelly's ("Plaintiff") Complaint against the County of San Diego (the 'County') should be dismissed with prejudice."). However, the County's reply brief only addresses Kelly's *Monell* claim and her state law claims for assault, battery, trespass, and intentional infliction of emotional distress. *See* ECF No. 9 at 6 ("Plaintiff's *Monell*, Battery, Assault, IIED, and Trespass claims against the County should be dismissed."). As addressed briefly below, the Court finds Kelly's Section 1983 and negligence claims are clearly plausible and survive the motion to dismiss.

Kelly's first claim alleges six Doe Defendants violated Section 1983 by unlawfully entering and searching her property. Compl., ECF No. 1, ¶ 16-34. The County's only argument for dismissing this claim is that Kelly has failed to allege individually plausible

claims against these "Doe" Defendants.  Mot., ECF No. 6, 11-12.  The Court rejects this argument because discovery will likely uncover the identities of the Doe Defendants.  *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (holding that a plaintiff should be given an opportunity through discovery to identify unknown defendants when the identity of those defendants is not known prior to filing the complaint).  Accordingly, the County's motion to dismiss Kelly's first claim for violation of 42 U.S.C.§ 1983 is **DENIED**.

Skipping to Kelly's third claim, she alleges the County and the same Doe Defendants are liable in negligence for injuries Kelly sustained when the Doe Defendants kicked down the fence surrounding her home.  Compl., ECF No. 1, ¶ 42-47.  The County argues Kelly's negligence claim fails because in California, government tort liability must be based on statute, and Kelly failed to identify a statute imposing liability on the County for negligence.  *See* Mot., ECF No. 6, 6 (citing *Becerra v. Cty. of Santa Cruz*, 68 Cal. App. 4th 1450, 1457 (1998)).  The County overlooks that Kelly cited relevant statutes imposing liability on public entities for injuries caused by their employee's acts or omissions.  Compl., ECF No. 1, ¶ 46 (citing Cal. Gov. Code §§ 815.2(a) and 820.8).  Moreover, the Court finds Kelly has plausibly alleged the County's negligence liability in her Complaint.  Accordingly, the County's motion to dismiss Kelly's negligence claim is **DENIED**.

The Court addresses the County's remaining arguments below.

### A.     *Monell* Failure to Train Claim

Kelly's second claim alleges the County violated 42 U.S.C. § 1983 by failing to properly train its officers to refrain from violating her constitutional rights.  Compl., ECF No. 1, ¶¶ 35-37.  The County argues Kelly's failure to train claim should be dismissed because it only contains insufficient conclusory allegations alleging causation between the lack of training and Kelly's constitutional injury.  Mot., ECF No. 6, 2-4.  The County also argues Kelly must plausibly allege a pattern of constitutional violations before the County can be held liable for its failure to train.  *Id*. at 5.

"[L]iability under 42 U.S.C. § 1983 may be imposed on local governments only when their official policies or customs cause their employees to violate another's constitutional rights." *Merritt v. Cty. of Los Angeles*, 875 F.2d 765, 769 (9th Cir. 1989) (citing *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 691 (1978)). To allege the County is liable for failure to train, Kelly must show (1) the County had an inadequate training program, (2) there was deliberate indifference by the County in training its law enforcement officers, and (3) the inadequate training "actually caused" a deprivation of Kelly's constitutional rights. *See Merritt*, 875 F.2d at 770; *see also Victoria v. City of San Diego*, Case No. 17-cv-1837-AJB-NLS, 2019 WL 4643713, at *6 (S.D. Cal. Sept. 23, 2019) (same). To show deliberate indifference, a plaintiff must ordinarily show "[a] pattern of similar constitutional violations by untrained employees." *Connick v. Thompson*, 561 U.S. 51, 62 (2011) (citing *Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 409 (1997)).

Here, Kelly's allegations contain only a barebones recitation of the elements of a *Monell* claim. *See* Compl., ECF No. 1, ¶¶ 35-41. The Complaint does not contain any factual support for her allegations that the County's training policies were insufficient, how those insufficient policies caused her injuries, and how her injuries are part of a pattern of constitutional violations. *See id.* Considering the totality of Kelly's allegations, the Court finds she has not nudged her failure to train claim "across the line from conceivable to plausible." *See Iqbal*, 556 U.S. at 680 (internal quotation marks omitted). However, Kelly may be able to amend her pleading to plausibly allege a *Monell* failure to train claim. Accordingly, the County's motion to dismiss Kelly's *Monell* claim is **GRANTED with leave to amend**.

B.  **State Law Tort Claims**

The County also asks the Court to dismiss Kelly's claims alleging battery, assault, intentional infliction of emotional distress, and trespass.

1.  ***Battery and Assault Claims***

Kelly alleges the Doe Defendants committed battery and assault when they kicked

down the fence surrounding her home and the falling fence struck Kelly, causing injuries. Compl., ECF No. 1, ¶¶ 48-57. In California, both battery and assault require an intent to harm the plaintiff. *See So v. Shin*, 212 Cal. App. 4th 652, 668-69 (2013). However, Kelly's allegations for her battery and assault claims are devoid of any indication the officers intended to harm Kelly. Indeed, Kelly even alleges the officers told her to stand back before they attempted to kick down the fence. Compl., ECF No. 1, ¶ 24. If anything, this allegation shows the absence of an intent to harm Kelly. While Kelly may be able to plead an alternative theory of battery and assault she has not done so here. Accordingly, the County's motion to dismiss Kelly's battery and assault claims is **GRANTED with leave to amend**.

### 2.   *Intentional Infliction of Emotional Distress Claim*

Kelly also alleges the Doe Defendants' conduct constituted intentional infliction of emotional distress. Compl., ECF No. 1, ¶¶ 58-62. To plead intentional infliction of emotional distress, a plaintiff must plausibly allege "(1) extreme and outrageous conduct by the defendant; (2) the defendant's intention of causing, or reckless disregard of the probability of causing, emotional distress; (3) the plaintiff''s suffering severe or extreme emotional distress; and (4) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Robles v. Agreserves, Inc.*, 158 F. Supp. 3d 952, 977 (E.D. Cal. 2016) (citing *Hughes v. Pair*, 46 Cal. 4th 1035, 1050-51 (Cal. 2009)). In California, a defendant's conduct is only "outrageous" when it is so "extreme as to exceed all bounds of that usually tolerated in a civilized community." *Hughes*, 46 Cal. 4th at 1050-51. Kelly's allegations fail to meet this high bar. The Court agrees that, as Kelly puts it, there is no "carte blanche justification for extreme police actions," Opp'n, ECF No. 7, 9 (citing *Thomas v. Dillard*, 818 F.3d 864, 884 (9th Cir. 2016)), but the allegations here show the Doe Defendants believed Kelly was in danger and attempted to minimize the risk she was exposed to by telling her to stand back from the fence. Compl., ECF No. 1, § 24. Taking only the non-conclusory allegations as true, the Court is unable to find the Complaint plausibly claims the Doe Defendants' conduct in this

situation was "outrageous." As before, however, Kelly may be able to allege facts supporting this claim. Accordingly, the County's motion to dismiss Kelly's intentional infliction of emotional distress claim is **GRANTED with leave to amend**.

### 3. *Trespass Claim*

Finally, Kelly alleges the Doe Defendants committed trespass to real property by entering her property without consent or legal justification. Compl., ECF No. 1, ¶¶ 63-72. The County argues "[t]he deputies['] entry onto the property was authorized by law under the emergency circumstances exception to the warrant requirement." Mot., ECF No. 6, 10. While that may hold true later in this litigation, when addressing a motion to dismiss the "court accept[s] as true all of the allegations contained in [the] complaint." *See Iqbal*, 556 U.S. at 678. Thus, the County's arguments that an exception to the warrant requirement provides immunity goes to the merits to be decided later. Instead, evaluating the Complaint, the Court finds that it plausibly states a claim for trespass. Accordingly, the County's motion to dismiss the trespass claim is **DENIED.**

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED-IN-PART**. Plaintiff is granted leave to file a First Amended Complaint within fourteen (14) days that cures the pleading deficiencies identified in this Order. Plaintiff may not add additional claims or parties without seeking leave from the Court.

**IT IS SO ORDERED.**

Dated: April 1, 2021

_____
**HON. ROGER T. BENITEZ**
United States District Judge